IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MAURICE ANTONIO BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:18-CV-576-WKW |
| RUSSELL COUNTY JAIL, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Maurice Antonio Brown, an individual previously incarcerated in the Russell County Jail, challenging conditions at the jail. Brown names the Russell County Jail, Dr. Theresa Dyer and Officer Randall as defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims presented by Brown against the Russell County Jail are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISMISSAL OF DEFENDANT**

Brown names the Russell County Jail as a defendant in this case. The law is well settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or

---

[1] The court granted Brown leave to proceed *in forma pauperis* in this case. Doc. 7. This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It therefore follows that a building or structure utilized by a sheriff's department is not a legal entity subject to suit.

In light of the foregoing, it is clear that the Russell County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Russell County Jail be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Russell County Jail be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims against defendants Dyer and Randall, be referred back to the undersigned for appropriate proceedings.

On or before **July 26, 2018,** the plaintiff may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v.*

*Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of July, 2018.

/s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE